IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN CUNEY, | : CIVIL ACTION NO. 1:23-CV-200 |
| Plaintiff | : |
| | : (Judge Conner) |
| v. | : |
| W. SPAULDING, *et al.*, | : |
| Defendants | : |

## MEMORANDUM

This is a civil case in which plaintiff, Jonathan Cuney, seeks a permanent injunction requiring the United States Bureau of Prisons ("BOP") to release him to home confinement under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. We will dismiss the complaint without prejudice for lack of jurisdiction.

### I.   Factual Background & Procedural History

Cuney is incarcerated in Lewisburg United States Penitentiary ("USP-Lewisburg"). (Doc. 1 at 1). According to the complaint, The BOP has deemed him "medically vulnerable" to COVID-19. (Id.) The complaint asserts that because of this medical vulnerability, Cuney is entitled to be transferred to home confinement under the CARES Act. (Id. at 2). He seeks a permanent injunction requiring the BOP to effectuate this transfer. (Id. at 6-7).

### II.  Legal Standard

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or

seeks redress against a governmental employee or entity.  See 28 U.S.C. § 1915(e)(2);[1] 28 U.S.C. § 1915A.[2]  The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

### III.   Discussion

Having reviewed the complaint under the screening provisions of 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A, we will dismiss this case for lack of jurisdiction.  Decisions of whether to transfer prisoners to home confinement under the CARES

---

[1] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
  **(A)** the allegation of poverty is untrue; or
  **(B)** the action or appeal—
    **(i)** is frivolous or malicious;
    **(ii)** fails to state a claim on which relief may be granted; or
    **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
  **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
  **(2)** seeks monetary relief from a defendant who is immune from such relief.

Act are left to the discretion of the BOP.  See, e.g., Olson v. Warden Schuylkill FCI, No. 21-2436, 2022 WL 260060, at *2 (3d Cir. Jan. 27, 2022) (nonprecedential);[3] Hill v. Bradley, No. 3:21-CV-2036, 2023 WL 146242, at *3 (M.D. Pa. Jan. 10, 2023); Ramdeo v. Spaulding, No. 1:20-CV-2458, 2021 WL 6063218, at *2 (M.D. Pa. Dec. 22, 2021) (Conner, J.); United States v. Komoroski, 467 F. Supp. 3d 227, 241 (M.D. Pa. 2020); United States v. Cruz, 455 F. Supp. 3d 154, 159 (M.D. Pa. 2020).

Before dismissing a civil rights complaint for failure to state a claim upon which relief may be granted, a district court must permit a curative amendment unless the amendment would be inequitable or futile.  Phillips v. Allegheny Cty., 515 F.3d 224, 245 (3d Cir. 2008).  We find that amendment would be futile because this court does not have jurisdiction to grant the injunctive relief plaintiff seeks.

**IV.   Conclusion**

We will dismiss the complaint without prejudice for lack of jurisdiction and close this case.  An appropriate order follows.

> /S/ CHRISTOPHER C. CONNER
> Christopher C. Conner
> United States District Judge
> Middle District of Pennsylvania

Dated:   February 23, 2023

---

[3] The court acknowledges that nonprecedential decisions are not binding upon federal district courts.  Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.