IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JONATHAN CUNEY, | : CIVIL ACTION NO. 1:23-CV-200 |
| Plaintiff | : |
| v. | : (Judge Conner) |
| W. SPAULDING, *et al.*, | : |
| Defendants | : |

**MEMORANDUM**

This is a civil case in which plaintiff, Jonathan Cuney, seeks a permanent injunction requiring the United States Bureau of Prisons ("BOP") to release him to home confinement under the Coronavirus Aid, Relief, and Economic Security ("CARES") Act. We will dismiss the case without prejudice for lack of subject matter jurisdiction.

**I.      Factual Background & Procedural History**

Cuney is incarcerated in Lewisburg United States Penitentiary ("USP-Lewisburg"). (Doc. 1 at 1). He filed his original complaint on February 3, 2023, seeking an injunction to be transferred to home confinement pursuant to the CARES Act because he is "medically vulnerable" to COVID-19. (Id.) We dismissed the case without prejudice on February 23, 2023 because decisions of whether to transfer inmates to home confinement under the CARES Act are left to the exclusive discretion of the BOP. (Docs. 6-7).

On April 7, 2023, Cuney filed a motion for leave to amend his complaint to "(i) properly address the issue being faced; (ii) clarify what relief he is seeking; and (iii)

update defendants as the facility has recently under[gone] a change of command." (Doc. 8).  The court liberally construed this as a request to reopen the case, granted the request, and permitted Cuney leave to file an amended complaint.  (Doc. 9).

Cuney timely filed an amended complaint on July 6, 2023.  (Doc. 10).  Cuney contends that he is not seeking release to home confinement, but rather an injunction under the Administrative Procedures Act ("APA") requiring the BOP to follow proper procedures in reviewing his request for release to home confinement.  (Id. at 1).  Cuney additionally seeks declaratory relief stating that defendants have not properly considered his request under the APA.  (Id.)

Noting that the case appeared to be moot because the BOP's expanded authority to grant home confinement pursuant to the CARES Act ended on June 10, 2023, we ordered Cuney to show cause on or before August 12, 2023 as to why the case should not be dismissed as moot.  (Doc. 11).  Cuney responded to the order on August 3, 2023.  (Doc. 12).  Cuney asserts that his claim is not moot because "inmates who were already approved and eligible" for home confinement have continued to be transferred to home confinement after the June 10, 2023 deadline.  (Id. at 1).  Cuney additionally argues that the case is not moot because the court could issue a declaration as to what his rights are under the CARES Act even if it cannot order injunctive relief.  (Id. at 2).  Finally, Cuney argues that the court "would not necessarily need to 'order' this relief but could 'recommend it.'"  (Id.)

## II. Discussion

District courts are continually obligated to review whether they have subject matter jurisdiction and must raise subject matter jurisdiction issues *sua sponte*.

Fort Bend Cty., Tex. v. Davis, 587 U.S. __, 139 S. Ct. 1843, 1849 (2019). The jurisdiction of federal courts is limited to cases or controversies. See U.S. CONST. art. III. When a case no longer presents a live case or controversy because "changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief" the case is moot and the court does not have subject matter jurisdiction. Thomas v. Att'y Gen. of United States, 625 F.3d 134, 140 (3d Cir. 2010) (quoting Artway v. Att'y Gen. of N.J., 81 F.3d 1235, 1246 (3d Cir. 1996)).

We find that Cuney's request for injunctive relief is moot. The BOP's expanded authority to grant home confinement pursuant to the CARES Act only lasted for the "covered emergency period," see Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020), which the statute defines as "the period beginning on the date on which the President declared a national emergency under the National Emergencies Act (50 U.S.C. 1601 et seq.) with respect to the Coronavirus Disease 2019 (COVID-19) and ending on the date that is 30 days after the date on which the national emergency declaration terminates," see id. § 12003(a)(2), 134 Stat. at 516. The national emergency declaration for the COVID-19 pandemic ended on May 11, 2023. See, e.g., *End of the Federal COVID-19 Public Health Emergency (PHE) Declaration*, CDC (updated September 12, 2023), https://www.cdc.gov/coronavirus/2019-ncov/your-health/end-of-phe.html. Cuney's request for injunctive relief is therefore moot because it requests a court order compelling the BOP to consider a request it no longer has the authority to grant.

Cuney's request for declaratory relief is likewise moot. Claims for declaratory relief are prospective in nature. <u>CMR D.N. Corp. v. City of Phila.</u>, 703 F.3d 612, 628 (3d Cir. 2013). This court accordingly cannot declare that the BOP violated the APA with respect to a CARES Act request that the BOP no longer has the authority to grant.

Finally, this court does not have jurisdiction to "recommend" that the BOP take any action. Federal courts may not issue advisory opinions. <u>TransUnion LLC v. Ramirez</u>, 594 U.S. __, 141 S. Ct. 2190, 2203 (2021). Thus, we do not have subject matter jurisdiction over this case because Cuney's requests for injunctive and declaratory relief are moot and the court does not have the authority to issue an advisory opinion recommending certain actions by the BOP.

### III.  Conclusion

We will dismiss this case without prejudice for lack of jurisdiction and close this case. An appropriate order follows.

                                                          <u>/S/ CHRISTOPHER C. CONNER</u>
                                                          Christopher C. Conner
                                                          United States District Judge
                                                          Middle District of Pennsylvania

Dated:     September 22, 2023